**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| LADELLE CRAIG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 08-cv-273-TLW |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of the Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Plaintiff Ladelle Craig, pursuant to 42 U.S.C. §§ 42 U.S.C. §§ 416(i), 423, and 1383(c),

requests judicial review of the decision of the Commissioner of the Social Security

Administration denying plaintiff's applications for disability insurance and supplemental security

benefits ("SSI") under Titles II and XVI of the Social Security Act ("Act").[1]  In accordance with

28 U.S.C. § 636(c)(1) and (3), the parties have consented to proceed before the undersigned

United States Magistrate Judge.  (Dkt. # 8).  Any appeal of this order will be directly to the Tenth

Circuit Court of Appeals.

## Standard of Review

When applying for disability benefits, a plaintiff bears the initial burden of proving that

he or she is disabled.  42 U.S.C. § 423(d)(5); 20 C.F.R. §§ 404.1512(a), 416.912.  "Disabled"

under the Social Security Act is defined as the "inability to engage in any substantial gainful

---

[1] Plaintiff's applications for Title II and SSI were denied initially and upon reconsideration.  (R. 43-55).  A hearing before Administrative Law Judge ("ALJ") Lantz McClain was held July 23, 2007, in Tulsa, Oklahoma.  (R. 26-42).  By decision dated September 19, 2007, the ALJ found that plaintiff was not disabled at any time through the date of the decision.  (R. 9-22).  On September 12, 2008, the Appeals Council denied review of the ALJ's findings.  (R. 2-4).  Thus, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal.  20 C.F.R. §§ 404.981, 416.1481.

activity by reason of any medically determinable physical or mental impairment." 42 U.S.C. § 423(d)(1)(A).   A plaintiff is disabled under the Act only if his or her "physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work in the national economy." 42 U.S.C. § 423(d)(2)(A).  Social Security regulations implement a five-step sequential process to evaluate a disability claim.  20 C.F.R. §§ 404.1520, 416.920; Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988) (setting forth the five steps in detail).  "If a determination can be made at any of the steps that a plaintiff is or is not disabled, evaluation under a subsequent step is not necessary." Williams, 844 F.2d at 750.

The role of the court in reviewing a decision of the Commissioner under 42 U.S.C. § 405(g) is limited to determining whether the decision is supported by substantial evidence and whether the decision contains a sufficient basis to determine that the Commissioner has applied the correct legal standards.   Grogan v. Barnhart, 399 F.3d 1257, 1261 (10th Cir. 2005). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  Id.  The Court's review is based on the record, and the Court will "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met."  Id.  The Court may neither re-weigh the evidence nor substitute its judgment for that of the Commissioner.  See Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005).  Even if the Court might have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands.  White v. Barnhart, 287 F.3d 903, 908 (10th Cir. 2002).

## ALJ Determination

In assessing plaintiff's qualifications for Title II and SSI, the ALJ determined that plaintiff met the insured status requirements of the Social Security Act through the date of his decision.  At step one of the five step sequential process, the ALJ determined that plaintiff had not been engaged in substantial gainful activity since December 21, 2005, her amended disability onset date.  (R. 14).  At step two, the ALJ found plaintiff to have the severe impairments of diabetes mellitus with neuropathy, plantar fasciitis, hypertension, status post left arm gunshot, and colitis.  Id.  At step three, the ALJ determined plaintiff's impairments did not meet the requirements of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).  (R. 16).

Before moving to the fourth step, the ALJ found plaintiff had the residual functional capacity ("RFC") to perform sedentary work as follows:

> . . . claimant has the residual functional capacity to perform sedentary work.  She is able to occasionally lift and/or carry 10 pounds, frequently lift and/or carry 10 pounds, stand and/or walk for at least 2 hours out of an 8-hour workday (with normal breaks), sit at least 6 hours out of an 8-hour workday (with normal breaks), and avoid work above the shoulder level.

(R. 16).

At step four, the ALJ determined that plaintiff was unable to perform any past relevant work.  See 20 C.F.R. §§ 404.1565, 416.965.  Plaintiff, born April 12, 1963, was determined to be a "younger individual" (age 18-44) on the alleged date of disability.  She has a high school education and is able to communicate in English.  (R. 21).  The ALJ determined transferability of job skills was not material to plaintiff's determination of disability, because by using the Medical-Vocational Rules as a guideline, plaintiff would still be found "not disabled," whether or not she had transferrable skills.  Id.  See also SSR 82-41 and 20 C.F.R. 404 subpt. P, App. 2.

3

At step five, the ALJ considered plaintiff's age, education, work experience, and RFC and found there were jobs that exist in significant numbers in the national economy that plaintiff could perform. See 20 C.F.R. §§ 404.1560(c), 404.1566, 416.960(c) and 416.966. (R. 21). The ALJ discussed the testimony given by the vocational expert that jobs existed in the national economy for an individual with the plaintiff's age, work experience, education, and RFC such as machine operator and order clerk. Id. The ALJ concluded that plaintiff was not disabled under the Act from December 21, 2005 through the date of the decision. (R. 22).

## Issues

Plaintiff raises four issues on appeal:

1. The ALJ's decision erroneously includes prejudicial information not related to plaintiff;

2. The ALJ's rejection of the opinions of plaintiff's treating physicians is not supported by substantial evidence;

3. The ALJ's determination of plaintiff's credibility is not supported by substantial evidence; and

4. The ALJ's determination that the plaintiff's depression is not a severe impairment is not supported by substantial evidence.

(Dkt. # 18 at 3).

## Review

**Prejudical Information**

Plaintiff argues that the decision of the ALJ includes information not related to this plaintiff, to wit:

> The claimant testified that she had trouble with her left arm after the police shot her while searching her residence for drugs. She stated that she did not take any medications because she could not afford them. The claimant testified that she was trying to save the arm from amputation.

4

. . .

> The claimant has past relevant work as a welder, warehouse worker, loader/unloader, ride operator, fork-lift operator, porter, fast food worker, customer service representative, and front service/cleaner/light installer.

(Dkt. # 18 at 3, 4).  The Court agrees.

After a thorough review of the entire record, the Court finds no evidence to support the ALJ's finding of a severe impairment of "status post left arm gunshot."  In fact, there are several notes in plaintiff's treating physicians' records that mention plaintiff's upper extremities are intact and free from injury.  There is no hearing testimony from plaintiff alleging being shot by the police in the record.

There is also no evidence of any past relevant work beyond the Work History Report plaintiff completed, which indicates prior work as a cashier in the fast food industry.  (R. 97-103).  However, the ALJ cited the vocational expert as stating that plaintiff was previously employed in the medium and semi-skilled to skilled categories.  The transcript does not reflect such a statement by the vocational expert, who stated only that plaintiff was employed as a "cashier/fast food worker."  (R. 39).

## Conclusion

The Court finds that this case needs to be reevaluated in light of the errors identified above.  The Court declines to address the remainder of plaintiff's allegations of error and directs the ALJ to perform a complete and thorough review of this case, including a new administrative hearing if necessary.  Accordingly, the decision of the Commissioner that the plaintiff is not disabled is hereby REVERSED and REMANDED for reconsideration.

SO ORDERED this 19th day of March, 2010.

T. Lane Wilson
United States Magistrate Judge